PER CURIAM.
Defendant, Alfredo Roca-Moreno, III, appeals the denial of his rule 3.850 motion. This court entered an order to show cause why his appeal should not be dismissed because his notice of appeal was untimely. He responds that although he filed a timely motion for rehearing, the clerk of the trial court advised him that they had not received any such motion. Mr. Roca-Mor-eno has provided us with a copy of what appears to be a timely motion for rehearing that would have tolled the time for fifing a notice of appeal.
Regardless, this appeal must still be dismissed as untimely. The dismissal, however, is without prejudice to the fifing of a petition for belated appeal that is under oath and that complies with Florida Rules of Appellate Procedure 9.141(c). Although the rule does not require it, if Mr. Roca-Moreno again provides documentation to establish that he filed an earlier, timely motion for rehearing, which was somehow overlooked due to the State’s actions, it would facilitate his request for a belated appeal. See Thomas v. State, 905 So.2d 1037, 1038 (Fla. 5th DCA 2005), citing Latimore v. State, 696 So.2d 1290 (Fla. 4th DCA 1997) (stating defendant entitled to belated appeal when his right to appeal has been frustrated by the circuit court clerk’s “state action”).
DISMISSED without prejudice.
THOMPSON, MONACO and TORPY, JJ., concur.